# EXHIBIT A

| 2011-27093 / Court: 151 |
|---|

CAUSE NO. _____

| | | |
|---|---|---|
| MID-TOWN SURGICAL CENTER, L.L.P. | § | THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE SERVICE | § | \_\_\_\_ JUDICIAL DISTRICT |
| CORP. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff Mid-Town Surgical Center, L.L.P. and files this its Original Petition complaining against Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, and would respectfully show as follows:

### I.

### DISCOVERY LEVEL

1.   This case is proceeding under a Level 3 Discovery Control Plan.

### II.

### PARTIES

2.   Plaintiff Mid-Town Surgical Center, L.L.P. ("Mid-Town") is a Texas limited liability partnership with operations and a place of business in Houston, Harris County, Texas.

3.   Defendant Blue Cross Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBS" or "Defendant") is a foreign insurance company duly formed and existing under the laws of the State of Illinois and has its principal place of business at 300 East Randolph Street, Chicago IL 60601. BCBS is licensed to do business in Texas, has engaged in business in

Texas, and may be served with process by serving its registered agent for service, Mr. Ronald Taylor at 901 South Central Expressway, Richardson, Texas 75080-7399.

### III.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over BCBS because it is a foreign entity conducting business in Texas. BCBS' acts and omissions giving rise to this lawsuit took place in Harris County, Texas.

5. This Court has jurisdiction over the controversy because the damages exceed the jurisdictional minimums of the Court.

6. Venue is proper in Harris County, Texas pursuant to §15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events giving rise to these claims occurred in Harris County, Texas.

### IV.

### FACTUAL BACKGROUND

7. Mid-Town is licensed by the Texas Department of Health as an ambulatory surgery center. Mid-Town provides its patients with high quality same-day surgery without the added expense of an overnight hospital stay.

8. Mid-Town bills insurance carriers for the medically necessary healthcare services rendered to patients on the standard UB 04 form. Mid-Town typically receives payment directly from the various insurers along with an explanation of benefits. Over the last few years, BCBS has significantly underpaid or wholly failed to pay claims submitted by Mid-Town.

9. Defendant's insureds/members received medically necessary healthcare services from Mid-Town. Prior to the provision of such services, Mid-Town verified with

Certified Document Number: 48636387 - Page 2 of 8

BCBS that the services were covered under the insureds/members' plans. Defendant represented that its insureds/members were covered under the policies and further verified that the medical services were covered. The representations made to Mid-Town were through express, implied, ostensible, or other authorized representatives of Defendant.

10. After the medical services were provided, Mid-Town timely submitted claims to BCBS seeking payment for services rendered. As an out-of-network provider,[1] Mid-Town billed its usual and customary charges for the services provided. Mid-Town provided the services to Defendant's insureds/members in good faith and expected to be paid promptly and fairly for the medically necessary healthcare services. However, BCBS either unreasonably denied the claims in whole or arbitrarily underpaid the amount owed to Mid-Town.

11. Mid-Town has made every effort over the past several months to resolve the dispute between the parties. However, all such efforts have failed. As a result, Mid-Town has been forced to file suit and seek monetary damages as a result of BCBS' wrongful conduct.

V.

## PLAINTIFF'S CAUSES OF ACTION
## BREACH OF CONTRACT

12. Mid-Town re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

---

[1] An out-of-network provider is a healthcare provider that has not entered into a managed care contract with an insurer. The managed care contract contains the negotiated rates that the insurer agrees to pay the provider in reimbursement. As an out-of-network provider, Mid-Town bills for services rendered based on its "usual and customary" charge for such services.

Certified Document Number: 48636387 - Page 3 of 8

13.  Mid-Town will show that Defendant's conduct constitutes a breach of contract. The insureds/members at issue have each assigned to Mid-Town all right, title and interest in their benefits due under their contracts in consideration of the services rendered. Therefore, Mid-Town asserts this claim as the assignee of Defendant's insureds/members for the full contract benefits due for the medical services rendered. The insureds/members received the medically necessary healthcare services. Defendant agreed and promised to timely pay benefits for the medical services rendered. However, Defendant has failed to pay the benefits due, thereby breaching the agreement. Defendant's breach is the direct, proximate, and producing cause of economic damages to Mid-Town in the total amount of at least $11,500,000.00, plus pre- and post-judgment interest as allowed by law, costs, penalties, and attorneys' fees. Mid-Town's charges for delivery of the medical services are reasonable charges in Harris County, Texas. As a result of Defendant's unilateral breach of the contract, Mid-Town has suffered significant damages within the jurisdictional limits of this Court.

## VI.

### STATUTORY CLAIMS

14.  Mid-Town re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

15.  Mid-Town has fully performed its obligations under the Texas statutes. BCBS has failed to make full payment for the services rendered to its insureds/members after notice and demand. Failure to make full payment on each and every clean claim submitted results in BCBS' liability for penalties for each claim submitted.

4

Certified Document Number: 48636387 - Page 4 of 8

16. Defendant's actions and/or omissions have caused Mid-Town to suffer actual damages in an amount within the jurisdictional limits of this Court.

## VII.

## NEGLIGENT MISREPRESENTATION

17. Plaintiff re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

18. BCBS is liable for the negligent misrepresentations it made to Mid-Town. Mid-Town would show that it justifiably relied upon Defendant's representations that were made in the course of its business or in the transaction in which it had a pecuniary interest, the representations supplied false information for the guidance of Mid-Town in its business, and BCBS did not exercise reasonable care or competence in obtaining or communicating the information. The negligent misrepresentations included the representations by BCBS, or its agents, that the patients were covered under healthcare policies and further that the medical services to be provided by Mid-Town were covered under the terms of the policies. Defendant's negligent misrepresentations have resulted in damages and harm to Mid-Town.

## VIII.

## PROMISSORY ESTOPPEL

19. Mid-Town re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

20. Defendant made promises to Mid-Town that Defendant would make payment for properly submitted claims and would pay such claims pursuant to each insured/member's benefits plan. Defendant breached such promise by failing to pay and/or underpaying the claims submitted by Mid-Town.

5

Certified Document Number: 48636387 - Page 5 of 8

21. Mid-Town reasonably and justifiably relied upon Defendant's promises, and such reliance was foreseeable to Defendant. Defendant's failure to keep its promises has caused injury to Mid-Town in an amount within the jurisdictional limits of this Court.

## IX.

## QUANTUM MERUIT

22. Mid-Town re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

23. Mid-Town has not entered into a managed care contract with BCBS. However, Mid-Town has a longstanding relationship with BCBS and operated on an implied contract/*quantum meruit* relationship.

24. In accordance with the established course of dealings, Mid-Town billed BCBS for services rendered. BCBS, however, has failed and refused to abide by the terms of the implied contract/*quantum meruit* relationship and pay Mid-Town the fair and reasonable amount of the charges within thirty (30) days, and in fact has continued to fail and refuse to remit the proper amounts to Mid-Town in payment of these claims.

25. As a result of Defendant's failure to properly reimburse, Mid-Town has been damaged in an amount within the jurisdictional limits of this Court.

## X.

## DAMAGES

26. Mid-Town re-alleges Paragraphs 7 through 11 above and incorporates same herein by reference as though fully set forth.

27. The acts and omissions described herein constitute wrongful conduct which proximately caused the occurrences made the basis of this action, and Mid-

Certified Document Number: 48636387 - Page 6 of 8

Town's damages. As a result of Defendant's conduct, Mid-Town has suffered damages of at least $11,500,000.00 and is entitled to recover same, in addition to interest, costs and its reasonable attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE 37.001, *et seq.*

## XI.

## CONDITIONS PRECEDENT

28. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XII.

## PRAYER

**WHEREFORE**, Plaintiff Mid-Town Surgical Center, L.L.P. requests that, upon final hearing hereof, the Court enter judgment awarding:

(a) Compensatory damages;

(b) All statutory penalties under the Texas Insurance Code;

(c) Attorneys' fees, court costs, and litigation expenses incurred in protecting Mid-Town's interests and in bringing this action;

(d) Pre- and post-judgment interest as provided by law; and

(e) Such other and further relief to which Mid-Town is justly entitled.

Certified Document Number: 48636387 - Page 7 of 8

Respectfully submitted,

**STRASBURGER & PRICE, LLP**

By: _____
**CHARLES "SCOTT" NICHOLS**
Texas Bar No. 14994100
**JAMES M. KIMBELL**
Texas Bar No. 11420000
**DEBRA W. BIEHLE**
Texas Bar No. 00794853
1401 McKinney Street, Suite 2200
Houston, Texas 77010-4035
(713) 951-5600 - Telephone
(713) 951-5660 – Facsimile
scott.nichols@strasburger.com
james.kimbell@strasburger.com
debra.biehle@strasburger.com

**ATTORNEYS FOR PLAINTIFF**
**MID-TOWN SURGICAL CENTER, LLP**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   June 2, 2011

Certified Document Number:        48636387 Total Pages:  8

*Chris Daniel* (signature)

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**