UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-TOWN SURGICAL CENTER, LLP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2086 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, INC, | § | |
| A DIVISION OF HEALTH CARE SERVICE CORP., | § | |
| | § | |
| *Defendant*. | § | |

ORDER

Pending before the court is defendant Blue Cross Blue Shield of Texas' ("BCBS") motion to dismiss certain of plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). Dkt. 18.[1]  Upon consideration of the motion, responses, and the applicable law, defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.  Also pending before the court is BCBS's motion to strike, which is DENIED.  Dkt. 25

BACKGROUND

In its first amended complaint, Mid-Town Surgical Center LLP., ("Mid-Town") alleges multiple causes of action, in part under 29 USC § 1001, *et. seq*., the Employment Retirement Income Security Act ("ERISA"), and in part under 5 USC § 8901, *et seq*., the Federal Employees Health Benefits Act ("FEHBA").  In particular, Mid-Town brings this action to recover approximately $12,000,000 in past-due/unpaid reimbursement payments and other damages pursuant to the terms of various health benefits plans directly insured and/or administered by BCBS.  The health benefits plans at issue allow members to obtain healthcare services from facilities such as Mid-Town, which

---

[1]  The court notes that the motion to dismiss at docket entry 4 is still pending.

have not entered into managed contracts with BCBS.  Prior to the provision of services, Mid-Town

verified with BCBS that the services were covered under the insureds/members' plans.  After Mid-

Town provided various medical services and submitted claims to BCBS seeking repayment for such

services, BCBS denied or underpaid the claims at a reimbursement rate of 3%.  Mid-Town filed a

petition claiming, *inter alia*, negligent misrepresentation, promissory estoppel, quantum meruit,

breach of fiduciary duty, and entitlement to recovery under FEHBA due to an assignment of benefits.

In this motion, defendant seeks dismissal of five of plaintiff's ten claims.

## ANALYSIS

**A.      Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim

upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal*, 566 U.S. 662, 129

S. Ct. 1937, 1949 (2009).  In considering 12(b)(6) motions, courts accept the factual allegations

contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards,*

*Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Except in certain situations not present here, the court

does not look beyond the face of the pleadings when determining whether the plaintiff has stated a

claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In order to

survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true,

to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

547, 127 S. Ct. 1955 (2007).

### 1. Negligent Misrepresentation

To establish negligent misrepresentation under Texas law, Mid-Town must show (1) the

representation was made by BCBS in the course of its business, or in a transaction in which it has

a pecuniary interest; (2) BCBS supplied "false information" for the guidance of others in their

business; (3) BCBS did not exercise reasonable care or competence in obtaining or communicating the information; and (4) Mid-Town suffered a pecuniary loss by justifiably relying on the representation." *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996); *Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  Generally, the false information must be a misrepresentation of existing fact, not one of a future promise. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

Defendant argues representations made regarding coverage were future promises, not statements of existing fact, and thus are not actionable. *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex.App.—Tyler 2005, no pet.).  However, cases in which negligent misrepresentation claims have been dismissed as a future promise have typically involved overt promises of future acts.  *Sloane*, 825 S.W.2d at 442; *Airborne Freight Corp., Inc. v. C.R. Lee Enters., Inc*, 847 S.W.2d 289, 297 (Tex.App.—El Paso 1992, writ denied).  Here, defendant made statements regarding a patient's current status—covered or not covered.  These are statements of existing fact, therefore defendant's argument fails.

Defendant also argues the pleadings do not specifically address the "false information" supplied by defendant, nor do they provide factual allegations to support a necessary element of negligent misrepresentation.  Plaintiff needed only to recite a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Plaintiff's first amended complaint is sufficient to give defendant fair notice of the claim and the grounds upon which it rests. Dkt. 16 at 5, ¶ 12 ("Defendant represented that its insureds/members were covered under the plans and further verified that the medial services to be provided were likewise covered.").  Additionally, there is no need for plaintiff's complaint to address each and every element of negligent misrepresentation. *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 278 (5th Cir. 1990) ("[I]f the

3

pleadings provide adequate notice, then an inference may be drawn that all the elements of a cause of action exist."). Accordingly, defendant's motion to dismiss plaintiff's negligent misrepresentation claim is DENIED.

### 2. Promissory Estoppel

Texas law permits recovery under promissory estoppel when the following elements are present: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). First, defendant contends plaintiff fails to plead facts defining the content or context of any alleged promises. Second, defendant argues plaintiff fails to plead that injustice may only be avoided by enforcing the contract. The court finds that plaintiff's first amended complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. The pleadings establish acts taken by plaintiff in reliance upon defendant's verbal agreement to pay for medical procedures for certain patients. Dkt. 16 at 9, ¶ 59–61. And, taken as a whole, the pleadings provide sufficient grounds to find that injustice can be avoided only by enforcement of the promise. Dkt. 16. Additionally, the avoidance of injustice through enforcement of the promise is not an element of promissory estoppel. *Fischer*, 660 S.W.2d at 524. Thus, defendant's motion to dismiss plaintiff's promissory estoppel claim is DENIED.

### 3. Quantum Meruit

Under Texas law, "quantum meruit is an equitable theory of recovery which is based on an implied agreement to pay for benefits received." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "To recover in quantum meruit, the plaintiff must show that his efforts were undertaken *for* the person sought to be charged; it is not enough to merely show that his efforts benefitted the defendant." *Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988) (emphasis in original)

(citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).  Defendant argues

it was not the direct beneficiary of plaintiff's services, thus plaintiff cannot sustain a claim under

quantum meruit.  The court agrees.

Recovery in quantum meruit requires a direct link between the parties involved; A must have

provided services to and for the benefit of B.  In this case, defendant is neither A or B in the equation

above—defendant is the third party insurer/administrator of patients who received medical treatment

from Mid-Town.  The patients—not defendant BCBS—are the direct beneficiaries of Mid-Town's

services. *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F.Supp.2d 938, 965 (E.D.Tex. 2011)

("It is counterintuitive to say that services provided to an insured are also provided to its insurer.

The insurance company derives no benefit from those services; indeed, what the insurer gets is a

ripened obligation to pay money to the insured—which can hardly be called a benefit.") (internal

quotation omitted).  Consequently, defendant's motion to dismiss plaintiff's quantum meruit claim

is GRANTED.

### 4. Equitable Relief under ERISA

Under § 502(a) of ERISA (codified as 29 USC § 1132(a)(1)(B)), a beneficiary and assignee

is entitled to recover monetary benefits due to patients under the terms of plans between insurer and

insured.  Separate from this mode of recovery, one may use 29 USC § 1132(a)(3) to seek equitable

relief for a breach of fiduciary duty.  Plaintiff pleads both causes of action simultaneously, relying

upon the rule for pleading alternative theories. FED. R. CIV. P. 8(e)(2).  Defendant argues plaintiff

cannot assert a claim for both monetary relief (under § 1132(a)(1)(B)) and equitable relief (under §

1132(a)(3)) simultaneously.  The court agrees.  "[A]n ERISA plaintiff may bring a private action for

breach of fiduciary duty only when no other remedy is available under 29 USC § 1132." *Rhorer v.*

*Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999) (citing *Varity Corp. v.*

*Howe*, 516 U.S. 489, 510–16, 116 S.Ct. 1065 (1996)).   Plaintiff has—and has correctly

exercised—an available cause of action for monetary damages under § 1132(a)(1)(B); simultaneous

equitable relief under § 1132(a)(3) would be inappropriate.   Accordingly, defendant's motion to

dismiss plaintiff's breach of fiduciary duty claim under § 1132(a)(3) is GRANTED.

**B.      Motion to Dismiss Pursuant to Rule 12(b)(7)**

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under

Rule 19." FED. R. CIV. P. 12(b)(7).   "Rule 19 provides for the joinder of all parties whose presence

in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v.*

*Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).   "It further provides for the dismissal of litigation that

should not proceed in the absence of parties that cannot be joined." *Id*.   "[T]he burden is on the party

moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals

or organizations and the possibility of injury to them or that the parties before the court will be

disadvantaged by their absence." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1359 (3rd ed. 2004).

**1. Failure to Join the OPM as an Indispensable[2] Party under Rule 19**

Rule 19 provides a two-step inquiry to determine if dismissal is warranted for failure to join

an absent party.   "First, Rule 19(a) provides a framework for deciding whether a given person should

be joined.   Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the

suit should be dismissed if that person cannot be joined." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305,

1309 (5th Cir. 1986).   Defendant cites  plaintiff's failure to join the Office of Personal Management

("OPM") as a necessary party to the suit, arguing dismissal is proper because this necessary party

---

[2] The 1966 amendment of Rule 19 "eliminates the reference to an 'indispensable party' and indicates that the motion is limited to challenging a defect in party joinder under the specified rule." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3rd ed. 2004).

*was not joined*. In actuality, the standard states dismissal is permissible if a necessary party *cannot be joined*. Defendant provides no facts to support the allegation that the OPM cannot be joined, nor does defendant meet its burden of proof by moving properly through the two-step inquiry setup by Rule 19(a) and (b).[3]

However, "Rule 19 puts the burden on existing parties *and the court* to bring in those whose presence is necessary or desirable . . . ." *Consumers Union of the United States v. Consumer Prod. Safety Comm'n*, 590 F.2d 1209, 1223 (D.C. Cir. 1978) (emphasis in original), *rev'd on other grounds*, *GTE Sylvania, Inc. v. Consumers Union of the United States*, 445 U.S. 375, 100 S.Ct. 1194 (1980). Therefore, the court now undertakes an independent Rule 19 inquiry. The two threshold requirements under 19(a) are satisfied in this case: the OPM is subject to service of process of this court, and joinder of the OPM does not deprive this court of subject matter jurisdiction. *See* 5 U.S.C § 8912. The court shall require joinder if any of the substantive requirements are met under 19(a)(1)(A), 19(a)(1)(B)(i), or 19(a)(1)(B)(ii):

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

---

[3] The court notes that defendant refers to an exhaustion of administrative remedies as part of its argument. However, the argument is not well developed, and 12(b)(7) is not the proper vehicle under which to bring this claim.

Based on the record current before the court, the OPM is not a necessary party to this suit. Despite the OPM's absence, the court may accord complete relief between existing parties, the OPM's ability to protect its interest is not impeded, nor is an existing party subject to a substantial risk of inconsistent obligations.  Defendant's motion to dismiss under Rule 12(b)(7) for failure to join the OPM is DENIED.

CONCLUSION

Pending before the court is defendant's motion to dismiss. Dkt. 18.  Defendant's motion to dismiss is GRANTED as it relates to quantum meruit and breach of fiduciary duty, and DENIED on all other claims.  Also defendant's motion to strike is DENIED.  Dkt. 25.

It is so ORDERED.

Signed at Houston, Texas on April 11, 2012.

_____
Gray H. Miller
United States District Judge