IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-TOWN SURGICAL CENTER, LLP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:11-cv-02086 |
| BLUE CROSS BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORP., | § § § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Blue Cross Blue Shield of Texas, a Division of Health Care Service Corp. ("BCBSTX"), files this Answer to Plaintiff's First Amended Complaint and in support thereof shows as follows:

### RESPONSES TO ALLEGATIONS

BCBSTX responds as follows to the allegations contained in the sections and enumerated paragraphs of Plaintiff's First Amended Complaint:

No response is necessary to the first unnumbered paragraph of the Complaint.

### I.
### PARTIES

1. BCBSTX admits the factual allegations contained in Paragraph 1.

2. BCBSTX denies the factual allegations contained in Paragraph 2.

### II.
### JURISDICTION & VENUE

3. BCBSTX admits the allegations contained in Paragraph 3.

1

1367467.1

4. BCBSTX admits the allegations contained in Paragraph 4.

## III.
## INTRODUCTION

5. To the extent Paragraph 5 contains conclusions of law, no response is required, and such averments are therefore denied. To the extent Paragraph 5 contains averments of fact, such averments are denied and strict proof thereof is demanded at trial.

6. BCBSTX is without knowledge to admit or deny the allegations in Paragraph 6. To the extent that any response is otherwise necessary, these allegations are hereby denied.

7. To the extent Paragraph 7 contains conclusions of law, no response is required, and such averments are therefore denied. To the extent Paragraph 7 contains averments of fact, such averments are denied and strict proof thereof is demanded at trial.

8. To the extent Paragraph 8 contains conclusions of law, no response is required, and such averments are therefore denied. To the extent Paragraph 8 contains averments of fact, such averments are denied and strict proof thereof is demanded at trial.

9. BCBSTX is without knowledge to admit or deny the allegations concerning Mid-Town's belief about BCBSTX's contracts with the plan sponsors of the self-funded plans. To the extent that any response is otherwise necessary, these allegations are hereby denied. BCBSTX denies the remaining allegations in Paragraph 9, and demands strict proof thereof at trial.

1367467.1

10. BCBSTX denies the allegations contained in Paragraph 10, and strict proof thereof is demanded at trial.

11. BCBSTX denies the allegations contained in Paragraph 11, and strict proof thereof is demanded at trial.

12. BCBSTX is without knowledge to admit or deny the allegation concerning Mid-Town's practices. To the extent that any response is otherwise necessary, these allegations are hereby denied. BCBSTX denies the remaining allegations in Paragraph 12, and demands strict proof thereof at trial.

13. BCBSTX denies the allegations contained in Paragraph 13, and strict proof thereof is demanded at trial.

14. BCBSTX denies the allegations contained in Paragraph 14, and strict proof thereof is demanded at trial.

15. BCBSTX denies the allegations contained in Paragraph 15, and strict proof thereof is demanded at trial.

16. BCBSTX denies the allegations contained in Paragraph 16, and strict proof thereof is demanded at trial.

17. BCBSTX denies the allegations contained in Paragraph 17, and strict proof thereof is demanded at trial.

18. BCBSTX is without knowledge to admit or deny the allegations contained in Paragraph 18. To the extent that any response is otherwise necessary, these allegations are hereby denied.

## COUNT 1

### BCBS'S FAILURE TO COMPLY WITH GROUP PLANS IN VIOLATION OF ERISA: PROVIDER'S CLAIMS AS ASSIGNEE

19. BCBSTX incorporates its prior responses.

20. BCBSTX denies the allegations contained in Paragraph 20, and strict proof thereof is demanded at trial.

21. BCBSTX denies the allegations contained in Paragraph 21, and strict proof thereof is demanded at trial.

22. BCBSTX denies the allegations contained in Paragraph 22, and strict proof thereof is demanded at trial.

23. BCBSTX denies the allegations contained in Paragraph 23, and strict proof thereof is demanded at trial.

24. BCBSTX denies the allegations contained in Paragraph 24, and strict proof thereof is demanded at trial.

25. BCBSTX denies the allegations contained in Paragraph 25, and strict proof thereof is demanded at trial.

## COUNT 2

### BCBS'S BREACH OF FIDUCIARY DUTIES UNDER ERISA

26. BCBSTX incorporates its prior responses.

27. BCBSTX denies the allegations contained in Paragraph 27, and strict proof thereof is demanded at trial.

28. BCBSTX denies the allegations contained in Paragraph 28, and strict proof thereof is demanded at trial.

1367467.1

29. BCBSTX denies the allegations contained in Paragraph 29, and strict proof thereof is demanded at trial.

30. BCBSTX denies the allegations contained in Paragraph 30, and strict proof thereof is demanded at trial.

31. BCBSTX denies the allegations contained in Paragraph 31, and strict proof thereof is demanded at trial.

32. BCBSTX denies the allegations contained in Paragraph 32, and strict proof thereof is demanded at trial.

33. BCBSTX denies the allegations contained in Paragraph 33, and strict proof thereof is demanded at trial.

34. BCBSTX denies the allegations contained in Paragraph 34, and strict proof thereof is demanded at trial.

35. BCBSTX denies the allegations contained in Paragraph 35, and strict proof thereof is demanded at trial.

## COUNT 3

**BCBS'S FAILURE TO PROVIDE FULL AND FAIR REVIEW UNDER ERISA**

36. BCBSTX incorporates its prior responses.

37. BCBSTX denies the allegations contained in Paragraph 37, and strict proof thereof is demanded at trial.

38. BCBSTX denies the allegations contained in Paragraph 38, and strict proof thereof is demanded at trial.

39. BCBSTX denies the allegations contained in Paragraph 39, and strict proof thereof is demanded at trial.

1367467.1

## COUNT 4

### BCBS'S VIOLATIONS OF CLAIMS PROCEDURE VIOLATIONS UNDER ERISA

40. BCBSTX incorporates its prior responses.

41. BCBSTX denies the allegations contained in Paragraph 41, and strict proof thereof is demanded at trial.

42. BCBSTX denies the allegations contained in Paragraph 42, and strict proof thereof is demanded at trial.

43. BCBSTX denies the allegations contained in Paragraph 43, and strict proof thereof is demanded at trial.

44. BCBSTX denies the allegations contained in Paragraph 44, and strict proof thereof is demanded at trial.

## COUNT 5

### REQUEST FOR INFORMATION

45. BCBSTX incorporates its prior responses.

46. BCBSTX denies the allegations contained in Paragraph 46, and strict proof thereof is demanded at trial.

## COUNT 6

### CLAIMS UNDER FEHBA

47. BCBSTX incorporates its prior responses.

48. BCBSTX denies the allegations contained in Paragraph 48, and strict proof thereof is demanded at trial.

49. BCBSTX denies the allegations contained in Paragraph 49, and strict proof thereof is demanded at trial.

1367467.1

50. BCBSTX denies the allegations contained in Paragraph 50, and strict proof thereof is demanded at trial.

51. BCBSTX denies the allegations contained in Paragraph 51, and strict proof thereof is demanded at trial.

52. BCBSTX denies the allegations contained in Paragraph 52, and strict proof thereof is demanded at trial.

53. BCBSTX denies the allegations contained in Paragraph 53, and strict proof thereof is demanded at trial.

## COUNT 7

### BREACH OF CONTRACT

54. BCBSTX incorporates its prior responses.

55. BCBSTX denies the allegations contained in Paragraph 55, and strict proof thereof is demanded at trial.

## COUNT 8

### NEGLIGENT MISREPRESENTATION

56. BCBSTX incorporates its prior responses.

57. BCBSTX denies the allegations contained in Paragraph 57, and strict proof thereof is demanded at trial.

58. BCBSTX denies the allegations contained in Paragraph 58, and strict proof thereof is demanded at trial.

1367467.1

## COUNT 9

### PROMISSORY ESTOPPEL

59. BCBSTX incorporates its prior responses.

60. BCBSTX denies the allegations contained in Paragraph 60, and strict proof thereof is demanded at trial.

61. BCBSTX denies the allegations contained in Paragraph 61, and strict proof thereof is demanded at trial.

## COUNT 10

### QUANTUM MERUIT

62. BCBSTX incorporates its prior responses.

63. This claim was dismissed.

64. This claim was dismissed.

65. This claim was dismissed.

## COUNT 11

### RULE 54(C) RELIEF

66. BCBSTX incorporates its prior responses.

67. BCBSTX denies the allegations contained in Paragraph 67, and strict proof thereof is demanded at trial.

## COUNT 12

### DAMAGES

68. BCBSTX incorporates its prior responses.

69. BCBSTX denies the allegations contained in Paragraph 69, and strict proof thereof is demanded at trial.

1367467.1

## COUNT 13

### ATTORNEY'S FEES

70. BCBSTX incorporates its prior responses.

71. BCBSTX denies the allegations contained in Paragraph 71, and strict proof thereof is demanded at trial.

72. To the extent that any allegation is not specifically admitted, it is denied. BCBSTX reserves the right to amend this answer.

## IV.
## AFFIRMATIVE DEFENSES

73. In the alternative, without accepting any burden of proof that would not otherwise be borne by BCBSTX, BCBSTX pleads the following affirmative defenses:

74. Plaintiff has failed to join an indispensable party; thus, Plaintiff's claims should be dismissed under Rule 12(b)(7).

75. Plaintiff has failed to prove that it has standing as the assignee of any insured under the subject plans; thus, Plaintiff's claims should be dismissed for lack of standing under Rule 12(b)(1).

76. Plaintiff's claims are preempted by 5 U.S.C. §§ 8901, et seq. and 5 C.F.R. §§ 890.105, et seq.

77. Plaintiff's claims are barred for failing to assert claims against the correct party or plan, including under ERISA and FEHBA (including, but not limited to, 5 C.F.R. § 890.107).

78. Plaintiff's claims are barred for failing to exhaust the administrative remedies under state governmental plans, ERISA, and FEHBA (including, but not limited to, 5 C.F.R. § 890.105).

79. Plaintiff's claims are barred by the United States' sovereign immunity.

80. Plaintiff's claims relate to employee welfare benefit plans governed by ERISA and are preempted, in whole or in part; thus, Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Alternatively, Plaintiff's remedies for any alleged acts or omissions are limited by those exclusively afforded by ERISA.

81. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

82. Any decision made regarding Plaintiff's claims for medical or other benefits was not an abuse of discretion.

83. Any decision made regarding Plaintiff's claims for medical or other benefits was not arbitrary or capricious.

84. Any decision made regarding Plaintiff's claims for medical or other benefits was proper and correct under the terms of the subject plans.

85. Plaintiff's claims are barred by the doctrines of laches and waiver.

86. Plaintiff's claims are barred by limitations, including the applicable statute of limitations, statute of repose, plan-term limitations, and/or based on information and belief, the doctrine of estoppel and/or unclean hands.

87. Plaintiff has failed to satisfy the conditions precedent, and/or failed to show that such conditions occurred, including failure to establish pre-suit notice and an opportunity to cure prior to this case being filed.

88. Plaintiff's claims fail as a matter of law because Plaintiff is not entitled to reimbursement for charges submitted to BCBSTX.

1367467.1

89. Plaintiff cannot recover upon its claims against BCBSTX to the extent that services were not medically necessary, were experimental or investigational, were to treat a pre-existing condition, and/or were not pre-authorized or pre-certified to the extent required by the respective benefit plan.

90. In the alternative, Plaintiff's charges are not covered to the extent that they exceed usual, customary, and/or reasonable charges or the prevailing fees or recognized charges, under the terms of the respective benefit plans.

91. Plaintiff cannot recover to the extent the claims submitted were not appealed.

92. Plaintiff's medical claims are not covered under the plans to the extent that the patients were not eligible members covered under the terms of the plans at the time that the services at issue were rendered.

93. To the extent certain patients whose treatment is at issue in this lawsuit, as identified by Plaintiff, were beneficiaries of self-funded health plans, Plaintiff cannot recover damages under the Texas Insurance Code because its provisions relied upon by Plaintiff do not apply to self-funded health benefit plans.

94. To the extent certain patients whose treatment is at issue in this lawsuit, as identified by Plaintiff, were beneficiaries of a plan sponsored by the Teacher Retirement System of Texas or any governmental entity, Plaintiff cannot recover damages under the Texas Insurance Code.

95. Plaintiff's Insurance Code claims under Chapters 843 and 1301 fail because Plaintiff does not have a contract with BCBSTX.

96. Plaintiff's claims are barred, in whole or in part, based on mistake.

97. Plaintiff's claims are barred to the extent they seek reimbursement for services, supplies, and/or equipment for which a member had no legal responsibility to pay or for which a charge would not ordinarily have been made in the absence of insurance coverage.

98. BCBSTX is entitled to any offset to Plaintiff's claims for amounts paid to Plaintiff, and BCBSTX pleads the affirmative defenses of credit, recoupment, and offset.

99. Plaintiff's claims are barred to the extent that the claims were not clean claims, they were not timely submitted, they were not for covered services, they were not submitted in accordance with the subject plans, and they were timely paid, and/or timely denied.

100. Plaintiff's own conduct and/or fault was a proximate and/or producing cause of any injury or alleged damages suffered and the same exceeded any fault attributed to BCBSTX. Accordingly, Plaintiff is barred from recovery. Alternatively, Plaintiff's claims are barred and/or the recovery, if any, for damages must be reduced to the extent of either or all of its or another's comparative negligence, proportionate responsibility, and/or fault.

101. BCBSTX alleges that Plaintiff's claims are barred, in whole or in part, by reason of Article VI of the United States Constitution.

102. BCBSTX invokes the doctrines of sole, new and independent, superseding, and/or intervening proximate and/or producing cause.

103. Plaintiff's damages, if any, should be reduced by the amount attributable to Plaintiff's failure to mitigate its damages.

1367467.1

104. Any award of punitive damages would violate the excessive fines clause of the Eighth Amendment of the United States Constitution.

105. Any award of punitive damages based upon vague, undefined standards of liability and not supported by clear and convincing evidence would violate the due process clauses of the United States Constitution and Texas Constitution.

106. Plaintiff's Complaint, to the extent that it seeks exemplary, punitive damages, or extra-contractual damages, if any, pursuant to any of the asserted claims or causes of action, violates BCBSTX's right to procedural due process under the Fifth and/or Fourteenth Amendment of the United States Constitution, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded. *See Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

107. Additionally, to the extent Plaintiff seeks punitive and/or exemplary damages, such pleading violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

108. To the extent Plaintiff seeks punitive, exemplary, and/or extra-contractual damages, Plaintiff's Complaint violates BCBSTX's rights to equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

109. BCBSTX pleads and hereby invokes all caps, limitations, or restrictions on recovery damages as allowed by Texas and federal law.

110. Plaintiff's claims are barred by statute of frauds.

111. Plaintiff's claims are barred by payment.

1367467.1

112. Plaintiff's claims are barred in whole or in part by one or more of the provisions of the policies applicable to Plaintiff's claims, and this constitutes a complete defense to the legal claims contained in Plaintiff's complaint.

113. BCBSTX reserves the right to assert any additional affirmative defenses that are supported by information or facts obtained through discovery or other means during this case and expressly reserves the right to amend this answer to assert such additional affirmative defenses in the future.

## V.
## PRAYER

114. WHEREFORE, pursuant to FED. R. CIV. P. 8(a), (f), and 54(c) Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation, respectfully requests that all of the claims alleged by Mid-Town Surgical Center, LLP. be dismissed and that Blue Cross Blue Shield of Texas, a Division of Health Care Service Corporation pleads for such other and further relief to which it may show itself justly entitled, including an award of its reasonable attorney's fees and costs.

Respectfully submitted,

By: /s/ Stratton Horres
E. Stratton Horres, Jr.
Lead Attorney
State Bar No. 10011800
stratton.horres@wilsonelser.com
William J. Akins
State Bar No. 24011972
william.akins@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.
901 Main Street
Suite 4800
Dallas, TX 75202

1367467.1

214.698.8000 (Telephone)
214.698.1101 (Facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on April 26, 2012, a true and correct copy of the foregoing was served via the Court's ECF system upon all known counsel of record.

*/s/ Stratton Horres*
E. Stratton Horres, Jr.