UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MID-TOWN SURGICAL CENTER, LLP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2086 |
| | § | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | § | |
| A DIVISION OF HEALTH CARE SERVICE | § | |
| CORP., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the court is plaintiff Mid-Town Surgical Center, LLP's ("Mid-Town") partial motion to dismiss defendant Blue Cross Blue Shield of Texas's ("BCBSTX") counterclaim. Dkt. 30. Upon consideration of the motion, response, and the applicable law, Mid-Town's partial motion to dismiss the counterclaim is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Mid-Town is an ambulatory surgery center licensed by the Texas Department of State Health Services. Dkt. 30. Mid-Town is an "out-of-network" provider who provides its patients same-day surgery without the added expense of an overnight hospital stay. *Id.* Mid-Town alleges that it provided services to persons allegedly insured by health care plans administered by BCBSTX for which BCBSTX failed to reimburse Midtown, despite its representation that it would and contrary to the terms of the plans and applicable state law. Dkts. 28, 30.

Mid-Town filed suit against BCBSTX to recover approximately $12,000,000 in past-due, unpaid, and/or underpaid reimbursements and other damages pursuant to the terms of various health benefits plans directly insured and/or administered by BCBSTX. Dkts. 16, 30. BCBSTX disputes

that it underpaid or failed to pay Mid-Town on any of its insurance claims. Dkt. 28. To the contrary BCBSTX counterclaims, alleging that it should be reimbursed for certain overpayments it made to Mid-Town. *Id.*

Mid-Town seeks reimbursement and BCBSTX seeks return of overpayments for claims made under three types of health benefits plans. Dkts. 28, 30. The plans at issue are employer self-funded plans ("ERISA Plans"), federal employee benefit plans ("FEHBA Plans"), and direct insurer plans ("Individual Purchaser Plans").[1] Dkt. 28. Because the law treats these types of health benefits plans differently, the court analyzes these claims separately.

## II. ANALYSIS

Mid-Town brings this partial motion to dismiss BCBSTX's counterclaims under four theories: (1) BCBSTX's state law counterclaims are preempted by ERISA; (2) BCBSTX's state law counterclaims are preempted by FEHBA; (3) BCBSTX failed to plead legally cognizable state law claims in compliance with Rule 8(a); and (4) BCBSTX failed to plead its Texas Theft Liability Act claim in compliance with Rule 9(b). Dkt. 30.

### A.  ERISA Preemption

Employee benefits rights under the Employee Retirement Income Security Act of 1974 (ERISA) apply to any employee benefit plan if it is established or maintained by any employer engaged in commerce, any employee organization representing employees engaged in commerce, or both. 29 U.S.C. § 1003(a). Congress's purpose in enacting ERISA was to create a comprehensive

---

[1] Neither Mid-Town nor BCBSTX has identified the specific claims alleged to have been overpaid or underpaid, quantified the dollar amount of the alleged overpayment or underpayment, indicated when the alleged overpayment or underpayment occurred, or designated the health benefits plan associated with each claim as an ERISA Plan, FEHBA Plan, or Individual Purchaser Plan. Both parties' pleadings suggest that the claims at issue are comprised of claims from each of the three types of health benefits plans. While these general allegations are sufficient for the purposes of pleading, the court notes that before trial each party needs to identify and separate its claims for reimbursement into these three categories.

statute for the regulation of employment benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488 (2004). Integrated enforcement is an essential mechanism for the accomplishment of this purpose. *Id.* "The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Aetna*, 542 U.S. at 208-09 (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549 (1987)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna*, 542 U.S. at 209. ERISA provides the exclusive remedy in accordance with congressional intent. *Id.* Therefore "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions," ERISA preempts that individual's claim. *Id.* at 210.

BCBSTX brings counterclaims for reimbursement for claims which include claims allegedly made by participants in ERISA Plans. Dkt. 28. Mid-Town argues that ERISA preempts BCBSTX's state law claims. Dkt. 30. BCBSTX counters that "[w]hile it is true that <u>some</u> of those plans are governed by ERISA or FEHBA, it is also true that <u>some</u> of those plans are not." Dkt. 31 at 2. In other words, BCBSTX contends that Mid-Town's arguments about ERISA preemption are inapplicable with respect to BCBSTX's counterclaims for reimbursement of overpayments made on Individual Purchaser Plans which are not governed by ERISA or FEHBA. *Id.*

The court agrees. BCBSTX's state law counterclaims are preempted by ERISA only for the alleged overpaid claims arising from Mid-Town patients who sought medical services under ERISA Plans. ERISA does not preempt claims arising from patients who held FEHBA Plans or

Individual Purchaser Plans because these plans are not created by ERISA, receive no right to remedies under ERISA, and a state law cause of action does not duplicate, supplement, or supplant the remedies available under ERISA. Therefore ERISA preempts BCBSTX's state law counterclaims as to alleged overpayments on ERISA Plans, but ERISA does not preempt state law counterclaims as to alleged overpayments on FEHBA Plans and Individual Purchaser Plans.

**B.      FEHBA Preemption**

Under the Federal Employees Health Benefits Act (FEHBA), the United States Office of Personnel Management negotiates contracts with private insurance carriers to provide health benefits plans to federal employees. FEHBA establishes the types of health benefits plans offered (5 U.S.C. § 8903) and to whom they are available (5 U.S.C. § 2105). FEHBA preempts any state or local law that is inconsistent with respect to the nature, provision, or extent of coverage or benefits. 5 U.S.C. § 8902(m)(1). This provision ensures nationwide uniformity in the administration of FEHBA benefits. *Burkey v. Gov't Emps. Hosp. Ass'n*, 983 F.2d 656, 660 (5th Cir. 1993).

The analysis for FEHBA preemption is similar to that of ERISA preemption discussed above. Mid-Town points to FEHBA's "broad preemption provision" and goal of "nationwide uniformity of the administration of FEHBA benefits" to conclude that BCBSTX's state law counterclaims are preempted by FEHBA. Dkt. 30 at 13.

For the same reasons that ERISA preempted only ERISA Plan claims, BCBSTX's state law counterclaims are preempted by FEHBA only as to the alleged overpaid claims arising from patients Mid-Town served who held FEHBA Plans. FEHBA preemption is applicable only to FEHBA Plans made in accordance with the FEHBA statute and inapplicable to plans established outside the scope of this statute, such as ERISA Plans and Individual Purchaser Plans. Neither ERISA nor FEHBA preempt BCBSTX's counterclaims on reimbursement of alleged overpayments on Individual

Purchaser Plans. Therefore, the court now turns to the sufficiency of the pleadings of the state law counterclaims, as they apply to Individual Purchaser Plans.

**C.     Pleading Legally Cognizable State Claims**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 554 (internal citations omitted). In order to survive a motion to dismiss, the complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 547.

Mid-Town alleges that BCBSTX has failed to plead legally cognizable state law claims for the following state law counterclaims: (1) breach of contract; (2) unjust enrichment/equitable restitution; (3) money had and received; and (4) the Texas Theft Liability Act. Dkt. 30. Mid-Town claims BCBSTX "failed to include 'detailed factual allegations' that when assumed to be true 'raise a right to relief above the speculative level.'" *Id.* This misstates the law, which holds that "a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 127) (emphasis added). BCBSTX argues that it has stated sufficient facts to survive Rule 12(b)(6) and that requiring BCBSTX to "identify specific claims on which

5

overpayments were made, quantify the amounts of such overpayments, or indicate when such overpayments occurred" would essentially be a request for BCBSTX to make an evidentiary showing at the pleading stage, which is not required in order to survive a motion to dismiss. Dkt. 31.

### (1) Breach of Contract

"The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

Mid-Town and BCBSTX do not dispute the existence of a valid contract because both parties seek damages based on alleged unpaid or overpaid claims based on the same or similar contracts. "BCBSTX performed those contracts by providing coverage to the insureds and tendering payment of benefits." Dkt. 28. BCBSTX alleges that Mid-Town breached the contract by failing to abide by the return of benefits provision in returning all overpayments to BCBSTX. *Id.* In failing to do so, BCBSTX has suffered damages. *Id.* This is an adequately pled "short and plain statement of the claim" showing BCBSTX may be entitled to relief and giving Mid-Town "fair notice of what the . . . claim is and the grounds upon which it rests," in accordance with the *Twombly* standard. *Twombly*, 550 U.S. at 545.

### (2) Unjust Enrichment and Equitable Restitution

"Unjust enrichment demands restitution when a party receiving property or benefits would be unjustly enriched if it were permitted to retain the property or benefits at the expense of another." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 43 (Tex. 1992). "The phrase 'unjust enrichment' is used in law to characterize the result [of] the failure to make restitution of benefits under such circumstances as to give rise to an implied or quasi-contract to repay." *Fun Times*, 517

S.W.2d at 884. "A right of recovery under unjust enrichment is essentially equitable and does not depend upon the existence of a wrong." *Id.*

In its claim for unjust enrichment and equitable restitution, BCBSTX alleges "[b]y billing BCBSTX in violation of its billing requirements, Mid-Town obtained a benefit conferred by BCBSTX . . . and Mid-Town's retention of those benefits would, under the circumstances, be unjust." Dkt. 28 at 5. This is sufficient under *Twombly* to adequately plead a claim for unjust enrichment and equitable restitution.

   *(3) Money Had and Received*

"A cause of action for money had and received is not based on wrongdoing but instead, 'looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another.'" *Doss v. Homecoming Fin. Network, Inc.*, 210 S.W.3d 706, 711 (Tex. App.—Corpus Christi 2006). BCBSTX alleges that equity and good conscience call for all overpayments to be refunded because the overpayments rightfully belong to BCBSTX, not Mid-Town. Dkt. 28. This adequately pleads a claim for money had and received.

   *(4) Texas Theft Liability Act*

The elements of a Texas Theft Liability Act claim are the elements of the alleged violation of the Texas Penal Code under which the claim is brought. The Act defines "theft" as "unlawfully appropriating property or unlawfully obtaining services as described by Section 31.03, 31.04, 31.05, 31.06, 31.07, 31.11, 31.12, 31.13, or 31.14, Penal Code." TEX. CIV. PRAC. & REM. CODE § 134.002(2). BCBSTX alleges that Mid-Town is guilty under Section 31.03. Under Section 31.03 "Theft," "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE § 31.03(a). "Appropriation of property is unlawful if: (1) it is without the owner's effective consent; (2) the property is stolen and the actor appropriates

the property knowing it was stolen by another; or (3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another." *Id.* § 31.03(b).

BCBSTX alleges that by issuing or causing to be issued misleading and incorrect bills, Mid-Town deliberately misled BCBSTX into providing property, in the form of money, to Mid-Town without BCBSTX's effective consent and based on false pretenses. BCBSTX has adequately pleaded a claim under the Texas Theft Liability Act.

**D.    Texas Theft Liability Act and Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires a party that is alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" in its pleading. FED. R. CIV. P. 9(b). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Id.* at 186. Rule 9(b) "requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.*

Mid-Town argues that BCBSTX's allegation that Mid-Town submitted misleading and incorrect bills under the Texas Theft Liability Act was insufficiently pled under Rule 9(b). BCBSTX asserts that it does not have to satisfy Rule 9(b) to adequately plead this claim, or, in the alternative, BCBSTX asserts that its counterclaim is adequately pled under Rule 9(b). Dkt. 31.

Mid-Town cites no authority indicating that a claim for theft pursuant to the Texas Theft Liability Act triggers 9(b)'s heightened pleading standard. As discussed above, the Texas Theft Liability Act provides a civil cause of action for violations of the Texas Penal Code. § 134.002(2). BCBSTX claims that Mid-Town is guilty under Section 31.03 of the Texas Penal Code, entitled

8

"Theft." The court notes that Chapter 31, which criminalizes theft, is distinct from Chapter 32, which addresses fraud. In the absence of authority to the contrary, because the counterclaim was brought under the theft chapter of the Texas Penal Code, 9(b)'s heightened pleading standard for fraud claims is not implicated. And, as discussed above, BCBSTX has pled this claim sufficiently to meet Rule 8(a)'s standards.

### III. CONCLUSION

Pending before the court is Mid-Town's partial motion to dismiss BCBSTX's counterclaim under four theories: (1) BCBSTX's state law counterclaims are preempted by ERISA; (2) BCBSTX's state law counterclaims are preempted by FEHBA; (3) BCBSTX failed to plead legally cognizable state law claims in compliance with Rule 8(a); and (4) BCBSTX failed to plead its Texas Theft Liability Act claim under Rule 9(b). Dkt. 30. As discussed in more detail above, the motion is GRANTED IN PART for state law claims regarding only insurance claims made by participants in ERISA Plans and FEHBA Plans. In all other respects, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on July 24, 2012.

_____
Gray H. Miller
United States District Judge